AO 245C  (Rev. 09/13) Amended Judgment in a Criminal Case  (NOTE: Identify Changes with Asterisks (*))
Sheet 1

# UNITED STATES DISTRICT COURT

Southern District of Indiana

UNITED STATES OF AMERICA
v.
KIMBERLY TAYLOR

**AMENDED JUDGMENT IN A CRIMINAL CASE**

Case Number: 1:13CR00185-002
USM Number: 66642-112

**Date of Original Judgment:** 7/15/2014
(Or Date of Last Amended Judgment)

Steven D. Allen
Defendant's Attorney

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☒ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
☒ pleaded guilty to count(s) 1
☐ pleaded nolo contendere to count(s)
  which was accepted by the court.
☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1343 and 1349 | Conspiracy to Commit Wire Fraud | 9/30/2013 | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☐ Count(s) ____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

2/17/2016
Date of Imposition of Judgment

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

2/29/2016
Date

**A CERTIFIED TRUE COPY**
Laura A. Briggs, Clerk
U.S. District Court
Southern District of Indiana
By _____ Deputy Clerk

AO 245C  (Rev. 09/13) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 2 of 5

DEFENDANT: KIMBERLY TAYLOR
CASE NUMBER: 1:13CR00185-002

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 40 months

☒ The court makes the following recommendations to the Bureau of Prisons:
That the defendant be designated to a facility near Los Angeles, California.

☐ The defendant is remanded to the custody of the United States Marshal.

☒ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
  ☒ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____ .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C    (Rev. 09/13) Amended Judgment in a Criminal Case
           Sheet 3 — Supervised Release                                         (NOTE: Identify Changes with Asterisks (*))

Judgment—Page  3  of  5

DEFENDANT:    KIMBERLY TAYLOR
CASE NUMBER:  1:13CR00185-002

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :   3 years

   The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☒  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

☒  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐  The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

   If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

   The defendant must comply with the conditions listed below:

## CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substances or any paraphernalia related to any controlled substances, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.
11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of the risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 1:13-cr-00185-TWP-DML Document 789 Filed 02/29/16 Page 4 of 8 PageID #: 4013

AO 245C (Rev. 09/13) Amended Judgment in a Criminal Case
Sheet 3C — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page 3.01 of 5

DEFENDANT: KIMBERLY TAYLOR
CASE NUMBER: 1:13CR00185-002

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

2. The defendant shall provide the probation officer access to any requested financial information.

3. The defendant shall not be self-employed or hold employment in any position which allows her access to personal identifiers, such as social security numbers.

4. The defendant shall not possess or use a computer, including any Internet-enabled device, unless approved by the probation officer. If approved, the defendant agrees to comply with the Computer Restriction and Monitoring Program as directed by the probation officer. The defendant is responsible for the costs associated with the monitoring program. The defendant shall advise the probation officer of all computers available for her use. The defendant shall warn other occupants of the existence of the monitoring software placed on the computer(s). Any computer or Internet-enabled device may be considered contraband and subject to confiscation.

5. The defendant shall submit to the search of her person, vehicle, office/business, residence and property, including computer systems and Internet-enabled devices, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving the defendant. Other law enforcement may assist as necessary. The defendant shall submit to the seizure of any contraband that is found, and should forewarn other occupants or users that the property may be subject to being searched.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the condition of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____    _____
Defendant                          Date

_____    _____
U.S. Probation Officer/Designated Witness    Date

AO 245C    (Rev. 09/13) Amended Judgment in a Criminal Case
        Sheet 5 — Criminal Monetary Penalties    (NOTE: Identify Changes with Asterisks (*))

Judgment — Page __4__ of __5__

DEFENDANT:    KIMBERLY TAYLOR
CASE NUMBER:    1:13CR00185-002

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ 549,449.96 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☒ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Ally Financial | $120,932.67 | $120,932.67* | |
| CarMax Auto Finance | $116,005.48 | $116,005.48* | |
| PNC Bank | $37,786.13 | $37,786.13 | |
| Huntington Bank | $37,034.60 | $37,034.60 | |
| Santander Consumer USA | $12,089.99 | $12,089.99 | |
| Champion Chrysler Dodge Jeep | $47,337.90 | $47,337.90 | |
| Forum Credit Union | $3,974.14 | $3,974.14 | |
| Wells Fargo Dealer Services | $18,419.00 | $18,419.00 | |
| Chase Bank | $29,923.00 | $29,923.00 | |
| Elite Imports | $9,516.43 | $9,516.43 | |
| Ford Motor Credit | $31,211.49 | $31,211.49 | |
| Executive Insurance | $12,263.95 | $12,263.95 | |
| HHGregg | $14,864.00 | $14,864.00 | |
| Sterling Jewelers | $3,710.00 | $3,710.00 | |
| Best Buy | $6,026.25 | $6,026.25* | |
| JCPenney | $5,768.00 | $5,768.00 | |
| Macy's | $6,132.25 | 6,132.25* | |
| Dillard's Department Store | $200.00 | $200.00 | |
| TOTALS | $ See Page 4.01 | $ See age 4.01 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:
    ☒ the interest requirement is waived for the    ☐ fine and/or    ☒ restitution.
    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/13) Amended Judgment in a Criminal Case
Sheet 5A — Criminal Monetary Penalties (NOTE: Identify Changes with Asterisks (*))

Judgment — Page 4.01 of 5

DEFENDANT: KIMBERLY TAYLOR
CASE NUMBER: 1:13CR00185-002

## ADDITIONAL RESTITUTION PAYEES
(Continual)

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Value City Furniture | $3,820.00 | $3,820.00 | |
| Roomplace | $6,600.00 | $6,600.00 | |
| Sears | $250.00 | $250.00 | |
| Kohl's | $800.00 | $800.00 | |
| Walmart | $1,200.00 | $1,200.00 | |
| Rent-a-Center | $7,078.00 | $7,078.00 | |
| First Premier Bank | $300.00 | $300.00* | |
| Kawasaki | $8,017.00 | $8,017.00 | |
| Helzberg Diamonds | $4,889.68 | 4,889.68* | |
| Capital One | $3,300.00 | $3,300.00 | |

Totals $ $549,449.96 $ 549,449.96*

AO 245C     (Rev. 09/13) Amended Judgment in a Criminal Case
             Sheet 6 — Schedule of Payments                                                                                                 (NOTE: Identify Changes with Asterisks (*))

Judgment — Page 5 of 5

DEFENDANT:     KIMBERLY TAYLOR
CASE NUMBER:     1:13CR00185-002

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**    ☐ Lump sum payment of _____ due immediately, balance due

         ☐ not later than _____ , or
         ☐ in accordance    ☐ C    ☐ D    ☐ E, or    ☐ G below; or

**B**    ☒ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☒ G below); or

**C**    ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**    ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**    ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**    ☐ If this case involves other defendants, each may be held jointly and severally liable for payment of all or part of the restitution ordered herein and the Court may order such payment in the future. The victims' recovery is limited to the amount of loss, and the defendant's liability for restitution ceases if and when the victims receive full restitution.

**G**    ☒ Special instructions regarding the payment of criminal monetary penalties:

        Any unpaid restitution balance during the term of supervision shall be paid at a rate of not less than 10% of that defendant's gross monthly income.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

     Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

| Defendant Name | Case Number | Joint & Several Amount |
|---|---|---|
| Christopher Newton | 1:13CR00185-003 | $50,461.11* |
| LaShonda Collier | 1:13CR00185-004 | $49,918.11 |
| Ernest Jones | 1:13CR00185-006 | $9,951.66 |

See Page 5.01

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s): _____

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245C   (Rev. 09/13) Amended Judgment in a Criminal Case
         Sheet 6A — Schedule of Payments                                         (NOTE: Identify Changes with Asterisks (*))

Judgment — Page   5.01   of   5

DEFENDANT:      KIMBERLY TAYLOR
CASE NUMBER:    1:13CR00185-002

## ADDITIONAL DEFENDANTS AND
## CO-DEFENDANTS HELD JOINT AND SEVERAL
(Continual)

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

| Defendant Name | Case Number | Joint & Several Amount |
|---|---|---|
| Nashamba Floyd | 1:13CR00185-007 | $86,391.48 |
| Sylvester Ragland | 1:13CR00185-008 | $42,769.88 |
| Gerald Adams | 1:13CR00185-009 | $30,426.09* |
| DeJuan Alexander | 1:13CR00185-010 | $36,202.45 |
| Janine Howard | 1:13CR00185-011 | $51,763.20* |
| Marshall Lindsay | 1:13CR00185-012 | $4,438.99 |
| Ashley Fox | 1:13CR00185-014 | $41,972.61 |
| Joshua Day | 1:13CR00185-015 | $25,781.88 |
| Keyona Berry | 1:13CR00185-016 | $28,144.34* |
| Ryan Thompson | 1:13CR00185-017 | $85,917.35 |
| Lon Campbell | 1:13CR00185-018 | $15,310.81 |